# EXHIBIT 1



# Housing Court Summary Process:

## Fee-Shifting, Dispositions, and Other Practices

Prepared for the Access to Justice Commission

Massachusetts Trial Court
Department of Research and Planning
May 2021



## Discussion

This analysis examines the following summary process procedures by selected case characteristics:

- Cases Filed
- Answer and Counterclaim Pleadings
- Petition For Attorney Fees
- Initial and Final Case Dispositions
- Executions Issued
- Next Steps to Further Analysis



# Executive Summary

In March of 2019, the Department of Research and Planning conducted an in-depth analysis of case practices in summary process cases filed and disposed in the Housing Court.*

The results are as follows:

- In the last decade, filings ranged from a low of 26,620 cases in 2011 to a high of 30,687 cases in 2018.

- Of all filings, 12.5% of cases had an answer filed and 6.2% of cases had an answer and counterclaim filed.

- Cases filed on the grounds of no cause had the highest rate of answers filed at 38.9%. Cases filed on the grounds of non-payment of rent had the lowest rate of answers filed at 14.9%.

- Overall, there were 1,240 cases with a fee petition and/or fee award between 2011 and 2019. These cases represent 0.5% of all summary process cases filed during the time period.

- Two-thirds of fee petitions requested or awarded were by plaintiffs (landlords).

- More than eighty percent of cases filed reach an initial decision or case disposition in 25 days or less. About 25% of cases are initially disposed in less than 12 days.

* This analysis occurred prior to the 20-13 Emergency Administrative Order (20-13) which suspended certain provisions of Trial Court Rule I: Uniform Summary Process Rules (effective 10/18/2020) in response to the COVID-19 pandemic.

# Executive Summary (continued)

- Ninety-three percent of cases with an initial disposition of default judgment had a final case disposition of default judgment. This means that cases with a default judgment entered remain a default judgment at final case disposition.

- "Judgment by agreement" accounted for 36.5% of all final case dispositions followed by "judgment with execution issued" at 27.2%, "default judgment" at 19.7%, and "dismissal" at 16.7%. The proportion of final case dispositions varied by court division.

- Over 60,000 executions issued on summary process cases in the last five years; 44.8% of disposed cases had an execution issued.

- In 2019, 23.5% of landlords were pro se or self-represented and 91.8% of defendants (tenants) were pro se.

- Case practices varied greatly, when comparing represented tenants to pro se tenants.

- Next steps for consideration include a manual review of selected data points in order to provide further context to findings.

* This analysis occurred prior to the 20-13 Emergency Administrative Order (20-13) which suspended certain provisions of Trial Court Rule I: Uniform Summary Process Rules (effective 10/18/2020) in response to the COVID-19 pandemic.



# Cases Filed

This section features information about summary process case filings.

# Summary Process Case Filings

There were over 250,000 summary process cases filed in the Housing Court in the last decade. Filings ranged from a low of 26,620 cases in 2011 to a high of 30,687 cases in 2018.



Housing Court Summary Process Cases Filed by Calendar Year



# Summary Process Case Filings

Cases filed on the grounds of non-payment of rent accounted for
the highest proportion of cases filed in the last five years.

Proportion of Cases Filed by Summary Process Action and Calendar Year



* Figures for the category "Other Actions" include cases filed for cause, no cause, or foreclosure.



# Summary Process Case Filings

Most divisions had filings range between 5,200 and 5,900 cases each year. The Northeast Housing Court division accounted for the highest proportion of cases filed in the last three years.





Summary Process Cases Filed by Court Division and Calendar Year

☐ 2017  ☐ 2018  ☐ 2019

* The Metro South Division was established in 2018.



# Filing of Answer or Answer and Counterclaim

- In a summary process case, a party may file an answer or an answer and counterclaim. An answer is the legal response to the allegations in a summary process summons and complaint. A counterclaim is a claim asserted in response to a complaint by a party against another which alleges a violation in the law.

- Eighteen percent of summary process cases filed between 2011 and 2018 had an answer or an answer and counterclaim filed:
  - 12.5% of cases had an answer filed; and
  - 6.2% of cases had an answer and counterclaim filed.

- The proportion of cases with an answer or answer and counterclaim filed remained constant from year to year.



Proportion of Cases Filed with an Answer/Answer and Counterclaim



# Filing of Answer/Answer and Counterclaim

In calendar years 2018 and 2019:

- No cause and for cause summary process actions had the highest rate of answers filed, while non-payment of rent actions had the lowest rate of answers filed.

- The Eastern Housing Court division had the highest rate of answers filed.





\* An answer is the legal response to the allegations in a summary process summons and complaint. A counterclaim is a claim asserted in response to a complaint by a party against another which alleges a violation in the law.

# Fee-shifting: Petition for Attorney Fees/Award

- Most counterclaims asserted by tenants have mandatory fee-shifting provisions.  Additionally, landlords may seek attorney fees if the lease has a provision that allows for such.  In those cases, in accordance with G.L. c.186, s.20, where a lease provides for attorney fees for the landlord, the law requires a reciprocal provision to be implied if a tenant incurs legal fees as a result of the landlord's violation of law.

- Across the decade, less than one percent of cases filed had a petition to provide for attorney fees in a summary process case. A total of 1,240 cases had a fee petition filed between 2011 and 2019.

- More than two-thirds of fee petitions were requested or awarded by landlords.





\* In 2014, the Massachusetts Access to Justice Commission conducted a study that found that in about 33,000 no-fault and nonpayment cases, only 147 cases had a fee awarded.



# Cases Disposed

This section features information about disposed summary process cases.

# Initial Case Dispositions

- In a summary process case, a disposition is best defined as a resolution or adjudication entered on a case. Common dispositions include order of judgment, agreement for judgment, and dismissal.

- More than eighty percent of summary process cases had an initial case disposition within 30 days of the case file date.

- Of those cases, 53.5% of cases had an initial disposition of agreements for judgment, followed by default judgments (24.5%), dismissal (16.9%), and judgment by finding (2.5%).



Percentage of Initial Case Dispositions by Type, 2017 - 2019



Time to Initial Case Disposition by Time Group, 2017 - 2019

* Figures reflect case activity as entered in MassCourts as of July 20, 2020.



# Final Case Dispositions

Cases can have an initial disposition that is different from their final disposition. When examining cases with an initial disposition of default judgment:

- 92.9% of cases with an initial disposition of default judgment had a final disposition of default judgment.

- 3.8% of cases with an initial disposition of default judgment had a final disposition of agreement for judgment where no execution issued.

- 3.2% of cases with an initial disposition of default judgment had a final disposition of judgment by finding/agreement with execution.





Initial Default Judgment Dispositions by Final Disposition, 2017 - 2019

Judgment by Finding, 3.2%
Agreement / Agreement for Judgment, 3.8%
Default Judgment, 92.9%

* In a summary process case, an execution is a court order that allows a landlord to evict a tenant.
** Figures reflect case activity as entered in MassCourts as of July 20, 2020.



# Final Case Dispositions

- In the last three years, judgment by agreement accounted for 34.9% of all final dispositions followed by judgment by finding/agreement with execution at 28.3%, default judgment at 19.6%, and dismissal at 17.2%.

- Each year, "judgment by agreement" dispositions increased, while "judgment by finding" dispositions decreased.



Proportion of Final Case Dispositions by Type and Case File Year

□ 2017   □ 2018   ■ 2019

* Figures reflect case activity entered in MassCourts as of July 20, 2020.



# Final Case Dispositions





* Figures reflect case activity as entered in MassCourts as of July 20, 2020.

# Executions Issued

- In a summary process case, the court order that allows a landlord to evict a tenant is called an "execution." The execution is the document that authorizes the actual eviction.

- In the last five years, the number of executions issued on disposed cases ranged from a low of 11,634 cases to a high of 13,466.

- The proportion of executions issued decreased from 2015 to 2019. In the last five years, 44.8% of disposed cases had an execution issued.

Executions Issued on Disposed Cases by Issue Year



Proportion of Executions Issued by Issue Year





# Executions Issued







* Figures reflect case activity entered on disposed cases as of July 20, 2020, in MassCourts.

# Party Representation

- In a summary process case, a landlord or tenant may be represented by an attorney. For the purposes of this analysis, a party is considered represented if there was a notice of appearance filed by an attorney at any stage of the case.

- In 2019:
  - 76.7% of landlords were represented by an attorney and 23.5% of landlords were pro se or self-represented.
  - 8.4% of tenants were represented by an attorney and 91.8% of tenants were pro se.



* In Massachusetts, a corporation, including a limited liability company, may not be represented in judicial proceedings by a corporate officer who is not an attorney licensed to practice law in the Commonwealth, except for small claims matters. Figures reflect case activity entered in MassCourts as of February 8, 2020.
** Attorney representation includes limited assistance representation.



# Tenant Representation

Case practices varied greatly, when comparing represented tenants to pro se tenants.



* Chart figures are not additive.
** In Massachusetts, a corporation, including a limited liability company, may not be represented in judicial proceedings by a corporate officer who is not an attorney licensed to practice law in the Commonwealth, except for small claims matters. Figures reflect case activity entered in MassCourts as of February 8, 2020.