IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION
Case No. 1:23-cv-12901

| | |
|---|---|
| SHAUN CORDEIRO and KEVIN MATLACK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GREP ATLANTIC, LLC; and EDDY OWNER, L.L.C.,<br><br>Defendants. | **AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Shaun Cordeiro and Kevin Matlack ("Plaintiffs"), on behalf of themselves and the proposed Class, file this Complaint against Defendants GREP Atlantic, LLC ("Greystar"), and Eddy Owner, L.L.C. ("Eddy Owner") (together, "Defendants") and states:

## NATURE OF THE ACTION

1. This is an action brought by Plaintiffs Shaun Cordeiro and Kevin Matlack and others similarly situated due to the unlawful and unfair eviction and legal fees ("Eviction Legal Fees") assessed by Defendants.

2. Defendants assess Eviction Legal Fees prior to the voluntary dismissal of summary ejectment actions, as provided in their lease agreements, and prior to the issuance of any judgment or assessment of fees by a court of law.

3. Defendants post to tenants' account ledgers Eviction Legal Fees prior to any guarantee by a Massachusetts court that these fees will be awarded.

4.     Massachusetts law does not allow for such costs to be assessed prior to a judgment, as whether or not to award attorney's fees and costs is subject to the discretion of the court, as is the amount to be awarded.

5.     Defendants post these fees to tenants' account ledgers as immediately due and owing without providing any invoices or additional information to account for the Eviction Legal Fees.

6.     As such, Plaintiffs and the putative Class have been harmed by Defendants' unfair and deceptive assessment of and attempts to collect Eviction Legal Fees.

## JURISDICTION AND VENUE

7.     The foregoing allegations are incorporated by reference and realleged herein.

8.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ("CAFA"), because (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interests and costs, and (iii) there is minimal diversity because at least one member of the Class and Defendants are citizens of different states.

9.     This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between the Plaintiffs and Defendants and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.    This Court has personal jurisdiction over Defendants pursuant to 18 U.S.C. § 1965 because Defendants maintain minimum contacts with this state and intentionally avail themselves of the laws of the United States and this state by conducting a substantial amount of business in Massachusetts. Defendants continuously and systematically own, manage, and lease apartments to tenants in Massachusetts.

11. For these same reasons, venue is proper in this district pursuant to 28 U.S.C. § 1391. A substantial part of the events of omissions giving rise to the claims herein occurred in this judicial district.

## PARTIES

12. The foregoing allegations are incorporated by reference and realleged herein.

13. Plaintiffs Shaun Cordeiro and Kevin Matlack are citizens and residents of Suffolk County, Massachusetts, who, at all relevant times, leased an apartment from Defendants at The Eddy, which was owned and operated by Defendant Eddy Owner, L.L.C. in coordination with Defendant Greystar.

14. Defendant GREP Atlantic, LLC is, upon information and belief, a limited liability company organized under the laws of the state of Delaware, maintains a business in Suffolk County, Massachusetts, and has regularly engaged in business in Suffolk County, Massachusetts.[1]

15. Eddy Owner, L.L.C. is, upon information and belief, a limited liability company organized under the laws of the state of Delaware, and has regularly engaged in business in Suffolk County, Massachusetts. Upon information and belief, Eddy Owner, L.L.C. managed The Eddy during the relevant time period.[2]

## COMMON FACTUAL ALLEGATIONS

16. Defendant Greystar is a provider of services to residents, property owners, and investors in the multifamily real estate industry.

---

[1] Plaintiffs' previous complaint named various other Greystar entities. The Parties have stipulated that GREP Atlantic, LLC is the correct party to be named in this suit. Dkt. No. 11.

[2] Plaintiffs' previous complaint erroneously named GEGC 2 New Street, LLC as the owner of The Eddy. The Eddy has since been sold to Eddy Owner, L.L.C. Plaintiffs provided Eddy Owner with the requisite 30-day notice per Mass. G. L. c. 93A, *et seq*.

3

17. Greystar manages over 2,947 communities and 822,100 apartment units worldwide.[3]

18. Pursuant to Greystar's standard leases, tenants are required to pay Eviction Legal Fees to Greystar.

19. However, the lease fails to state that tenants will be assessed these fees even if a complaint in summary ejectment against them is voluntarily dismissed by Greystar.

20. Upon information and belief, Greystar has a pattern and practice of bringing a summary ejectment action against its tenants, and assessing Eviction Legal Fees to tenants without a ruling from any court of competent jurisdiction.

21. Greystar posts to tenants' account ledgers Eviction Legal Fees prior to any guarantee by a Massachusetts court that these fees will be awarded.

22. Greystar does not provide invoices or any additional information for these expenses to tenants but enters them on tenants' ledgers as immediately due and owing.

23. Tenants pay these fees upon belief that if they do not, they will be evicted and forced to leave their homes.

24. These fees have not been assessed by any court, and no judgment has been rendered prior to their assessment.

25. Greystar is not alone in its failure to file petitions for attorneys' fees.

26. From 2011 to 2019, less than one percent of all Massachusetts Housing Court summary ejectment cases had a petition to provide for attorneys' fees. **Exhibit 1**.[4]

---

[3] https://www.greystar.com/business-services/property-management (last visited Jan. 26, 2024)
[4] Exhibit 1 is a true and accurate copy of the Massachusetts Trial Court, Department of Research and Planning's Housing Court Summary Process Report.

4

27. Of the 250,000 summary process cases filed in Massachusetts Housing Court from 2011 to 2019, only 1,240 cases had a fee petition.[5]

28. While few petitions are filed, even fewer are granted. In 2014, a Massachusetts Access to Justice Commission surveyed 33,000 summary process cases and found that only 147 had fees awarded.[6]

## PLAINTIFFS' ALLEGATIONS

29. On or about September 12, 2022, Mr. Cordeiro and Mr. Matlack entered into a lease agreement with GEGC 2 New Street, LLC ("GEGC"), a predecessor in interest of Eddy Owner, for apartment number 1010 at The Eddy, a Greystar- operated building in Boston, Massachusetts.

30. The lease agreement stated that if the residents were to default on any terms of the lease, GEGC could receive "reimbursement for any and all attorney's fees and/or litigation costs/expenses." **Exhibit 2**.[7]

31. On or about January 17, 2023, Greystar Management Services, L.P. and GEGC initiated an eviction proceeding in the Eastern Division of Massachusetts' Housing Court against Mr. Cordeiro and Mr. Matlack. **Exhibit 3**.[8]

32. While Plaintiffs' case was pending and prior to the rendering of any judgment, Mr. Cordeiro and Mr. Matlack were assessed "Eviction/Legal Recovery" fees on their apartment ledger. **Exhibit 4**.[9]

33. On or about March 20, 2023, Greystar again assessed them a fee of $477.00 for "Eviction/Legal Recovery."[10]

---

[5] *Id.*
[6] *Id.*
[7] Exhibit 2 is a true and accurate copy of Plaintiffs' Apartment Lease Contract.
[8] Exhibit 3 is a true and accurate copy of Plaintiffs' Summary Process Summons and Complaint.
[9] Exhibit 4 is a true and accurate copy of Plaintiffs' Account Ledger.
[10] *Id.*

5

34.     On or about May 1, 2023, Greystar again assessed them a fee of $175.00 for "Eviction/Legal Recovery."[11]

35.     On or about May 19, 2023, Mr. Cordeiro sent an email to Vladimir Nechev, Defendants' counsel, in the summary ejectment proceeding, asking why the legal fees remained on his account despite the upcoming voluntary dismissal. **Exhibit 5**.[12]

36.     Mr. Nechev responded that

> my client's position is that they had to spend legal fees to bring you to court for nonpayment of rent and they can recover the legal fees under your lease agreement. If they wanted to do so, they would have to obtain a judgment at a later date in a different action.[13]

37.     On May 20, 2023, Mr. Cordeiro again emailed Mr. Nechev to clarify the amount owed, stating "we're talking about the $652, correct? Once I pay that, Greystar and I start at $0. Correct? If that's the situation, then I will take care of that very soon after I receive the voluntary dismissal, and we can all move on with our lives."[14]

38.     Mr. Nechev responded, "That's all I see on the account that my client sent over and confirmed."[15]

39.     The eviction proceeding was voluntarily dismissed by Greystar and GEGC pursuant to Massachusetts Rule of Civil Procedure 41(a)(1) on May 23, 2023.

40.     Mr. Nechev was soon proven incorrect as following the voluntary dismissal, Greystar assessed Mr. Cordeiro and Mr. Matlack $175.00 in "Eviction/Legal Recovery" on August 24, 2023.[16]

---

[11] *Id.*
[12] Exhibit 5 is a true and accurate copy of Plaintiffs' May 19, 2023 and May 20, 2023 emails with Vladimir Nechev.
[13] *Id*.
[14] *Id*.
[15] *Id*.
[16] *Id*.

41. This fee was later removed as a "courtesy" to Mr. Cordeiro and Mr. Matlack.

42. At the time "Eviction/Legal Recovery" fees were placed on Mr. Cordeiro and Mr. Matlack's ledger, no Massachusetts court had entered a judgment in the eviction case, and no fees or costs had been assessed. **Exhibit 6**.[17]

43. In fact, Greystar never even filed a petition for attorneys' fees. Instead, Greystar simply assessed these fees without a valid basis.

44. Mr. Cordeiro and Mr. Matlack repeatedly requested invoices from Defendants in connection with these fees, but Defendants provided only one partial invoice as to the last fee charged and refused to provide any other invoices.

45. Mr. Cordeiro and Mr. Matlack paid the full sum of these fees because they did not want to be evicted from their apartment and feared being able to find another apartment due to their previous summary ejectment proceeding.

46. All requisite parties were sent a demand letter pursuant to pursuant to Mass. G. L. c. 93A, § 9(3) prior to the filing of this amended complaint.

47. On or about December 23, 2023, Defendants credited Plaintiffs' account $490 for "Legal fee credit." **Exhibit 7**.[18]

48. Defendants' payment does not satisfy the $652 that Plaintiffs paid as Eviction Legal Fees to Defendants.

49. Further, Defendants have failed to provide any relief, including the injunctive relief requested, on a class-wide basis.

---

[17] Exhibit 6 is a true and accurate copy of Plaintiffs' Housing Court Docket.
[18] Exhibit 7 is a true and accurate copy of Plaintiffs' January 2, 2024 Ledger.

7

## CLASS ALLEGATIONS

50. Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs bring this Class Action individually and on behalf of the following Class, which is tentatively defined as follows:

> All individuals in the state of Massachusetts who, during the applicable limitations period, paid any Eviction or Legal Recovery fees or costs to Defendants prior to being assessed those fees or costs by a court in an eviction proceeding (the "Class"). All employees of Defendants, the Court, and Plaintiffs' counsel are excluded from the Class.

51. Plaintiffs reserve the right to modify or amend the definition of the proposed Class before or after the Court determines whether such certification is appropriate as discovery progresses.

52. Numerosity: The Class is comprised of hundreds, if not thousands, of tenants throughout the state of Massachusetts. The Class is so numerous that joinder of all members of the Class is impracticable. The precise number of Class members is unknown to Plaintiffs, but the precise number and identity of Class members are easily identifiable through Defendants' records.

53. Commonality: This action involves common questions of law and fact, which predominate over any questions affecting individual Class members. These common legal and factual questions include, but are not limited to, the following:

   a. Whether Defendants' assessment of Eviction Legal Fees prior to a judgment from a Massachusetts court was unfair and deceptive in violation of Mass. G. L. c. § 93A, *et seq*.

   b. Whether Defendants were unjustly enriched as a result of assessing Eviction Legal Fees to tenants.

   c. Whether Defendants negligently misrepresented the Eviction Legal Fees to tenants as lawfully due and owing.

8

54. Typicality: Plaintiffs' claims are typical of the claims of the members of the Class because *inter alia*, all Class members were injured through the uniform misconduct described above, all members of the Class have been assessed Eviction Legal Fees following the voluntary dismissal of summary ejectment actions and prior to the issuance of any judgment or assessment of fees by a court of law, and Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all Class members.

55. Adequacy of Representation: Plaintiffs will fairly and adequately protect the interests of the members of the Class. Plaintiffs have retained counsel experienced in complex class action litigation, and Plaintiffs intend to prosecute this action vigorously. Plaintiffs have no adverse or antagonistic interests to those of the Class. To prosecute this case, Plaintiffs have chosen the undersigned law firms, which have the financial and legal resources to meet the substantial costs and legal issues associated with this type of class litigation. Plaintiffs anticipate no difficulty in the management of this litigation as a class action.

56. Predominance: Defendants have engaged in a common course of conduct towards Plaintiffs and Class members, in that all claims by Plaintiffs and the unnamed Class members are based on the common course of conduct by Defendants to charge illegal Eviction Legal Fees to Plaintiffs and the unnamed Class members.

57. The questions of law or fact common to Plaintiffs' and each Class member's claims predominate over any questions of law or fact affecting only individual members of the Class. Common issues predominate when, as here, liability can be determined on a class-wide basis, even when there will be some individualized damages determinations.

58.     As a result, when determining whether common questions predominate, courts focus on the liability issue, and if the liability issue is common to the Class as is in the case at bar, common questions will be held to predominate over individual questions.

59.     Superiority: A class action is superior to individual actions in part because of non-exhaustive factors listed below:

    a.      Joinder of all Class members would create extreme hardship and inconvenience for the affected tenants as they reside throughout the state;

    b.      Individual claims by Class members are impractical because the costs to pursue individual claims exceed the value of what any one Class member has at stake. As a result, individual Class members have no interest in prosecuting and controlling separate actions;

    c.      There are no known individual Class members who are interested in individually controlling the prosecution of separate actions;

    d.      The interests of justice will be well served by resolving the common disputes of potential Class members in one forum;

    e.      Individual suits would not be cost-effective or economically maintainable as individual actions; and

    f.      The action is manageable as a class action.

60.     Defendants have acted on grounds generally applicable to the Class by engaging in a common course of conduct by charging Eviction Legal Fees to Plaintiffs and the unnamed Class members, thereby making appropriate final injunctive relief with respect to the Class as a whole.

61.     All conditions precedent prior to filing have been met.

<u>**COUNT I**</u>
**MASSACHUSETTS CONSUMER PROTECTION ACT ("MCPA")**
**Mass. G. L. c. 93A,** *et seq.*

62. Plaintiffs and the Class incorporate the previous allegations as though fully set forth herein.

63. Plaintiffs bring this claim against Defendants individually and on behalf of members of the putative class.

64. Section 2 of the MCPA provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

65. Plaintiffs, Class members, and Defendants are "persons" pursuant to Mass. G. L. c. 93A § 1(a).

66. Defendants are involved in "trade" and "commerce" by leasing property subject to Mass. G. L. c. 93A § 1(b).

67. At all relevant times, Defendants violated and continue to violate the MCPA by:

   a. Assessing Eviction Legal Fees to tenants. Specifically, Defendants post to tenants' account ledgers Eviction Legal Fees, following a summary ejectment action, prior to any guarantee by a Massachusetts court that these fees will be awarded.

   b. Representing Eviction Legal Fees to tenants as falsely legally due and owing in violation of 940 C.M.R. § 7.07(8).

   c. Collecting Eviction Legal Fees from tenants when such fees are not permitted by law or authorized by an agreement creating the debt in violation of 940 C.M.R. § 7.07(16).

      d.      Collecting Eviction Legal Fees from tenants in an unfair, deceptive, or unreasonable manner in violation of Mass. G. L. 93, § 49 by representing Eviction Legal Fees as legally due and owing prior to assessment by a court of competent jurisdiction.

68.     Any violations of 940 C.M.R. § 7.07 and Mass. G. L. 93, § 49 constitute violations of Mass. G. L. c. 93A § *et seq.*

69.     Defendants performed the actions described herein willfully and knowingly or with reckless disregard of applicable law.

70.     Whether or not to award attorneys' fees and costs in Massachusetts is subject to the discretion of the court, as is the amount to be awarded.

71.     Defendants' fees have caused substantial injury to Plaintiffs and the Class. Plaintiffs and Class members have had to spend hundreds, if not thousands of dollars, on these Eviction Legal Fees even after their summary ejectment proceedings were dismissal voluntarily.

72.     As a direct and proximate result of Defendants' deceptive acts and practices, Plaintiffs and the Class did not receive the benefit of the bargain, suffered actual damages, and are entitled to trebling, plus attorneys' fees and costs.

73.     Pursuant to Mass. G. L. c. 93A § 9(3), Plaintiffs made a written demand for compensation on behalf of the putative Class on Defendants on October 24, 2023. Defendants have declined to tender a reasonable settlement offer.

**COUNT II**
**UNJUST ENRICHMENT**

74.     Plaintiffs and the Class incorporate the previous allegations as though fully set forth herein.

75. Plaintiffs bring this claim against Defendants individually and on behalf of members of the putative class.

76. By charging Plaintiffs and Class members Eviction Legal Fees prior to the assessment of these fees by a court, Defendants were unjustly enriched at the expense of Plaintiffs and Class members.

77. Defendants charged Plaintiffs and Class members Eviction Legal Fees on their ledgers prior to these fees being assessed by a court of competent jurisdiction.

78. Defendants assessed these fees as legally due and owing without the legal basis to do so.

79. Plaintiffs and the Class paid hundreds, if not thousands of dollars, in Eviction Legal Fees to Defendants as a result of their unfair and deceptive fees.

80. It would be inequitable, unjust, and unconscionable for Defendants to retain the profit it received from these fees.

81. Plaintiffs and the Class seek disgorgement of all proceeds, profits, benefits, and other compensation obtained by Defendants from their improper and unlawful fees, as well as all other appropriate relief permitted by law of unjust enrichment, including reasonable attorneys' fees and costs.

82. Defendants received the benefit of Plaintiffs' and Class members' payment and have been unjustly enriched at the expense of Plaintiffs and Class members.

## COUNT III
## NEGLIGENT MISREPRESENTATION

83. Plaintiffs incorporate the previous allegations as though fully set forth herein.

84. Plaintiffs bring this claim against Defendants individually and on behalf of members of the putative class.

85. In communications with Plaintiffs and Class members, Defendants, in the course of business, made representations to Plaintiffs and Class members as set forth herein.

86. Those representations were false.

87. Defendants misrepresented that they could assess Eviction Legal Fees to tenants following a summary ejectment action, prior to any guarantee by a Massachusetts court that these fees will be awarded.

88. Defendants made representations via its tenant ledgers of Plaintiffs and Class members that were false, including that Eviction Legal Fees were lawfully due and owing.

89. When Defendants made these representations in communications, and on the ledgers, they knew they were untrue, should have known they were untrue, or had a reckless disregard for the truth or falsity thereof.

90. Defendants intended to induce Plaintiffs and the Class members to rely on these misrepresentations by paying the amounts falsely claimed to be due and owing.

91. Defendants knew that Plaintiffs and Class members were relying on the misrepresentations.

92. In reliance on these representations, Plaintiffs and Class members used their funds to make payments to Defendants when they did not owe additional fees.

93. As a direct and proximate result of Defendants' negligent misrepresentations, Plaintiffs and Class members have been damaged as set forth in the complaint.

94. As a direct and proximate result of the foregoing, Plaintiffs and Class members suffered, and continue to suffer, financial damage and injury.

## COUNT VI
## DECLARATORY JUDGMENT
### Mass. G. L. c. 231A, § 1

95. Plaintiffs and Class members incorporate the previous allegations as though fully set forth herein.

96. Plaintiffs bring this claim against Defendants individually and on behalf of members of the putative class.

97. An actual controversy has arisen regarding Defendants' compliance with Mass. G.L. c. 93A, *et seq*.

98. Pursuant to Mass. G. L. c. 231A, § 1, Plaintiffs and the Class members seek a declaration that:

    a. Defendants' assessment of Eviction Legal Fees prior to their being legally due and owing violates Mass. G. L. c. 93A, *et seq*.

    b. Defendants' assessment of Eviction Legal Representing Eviction Legal Fees to tenants as falsely legally due and owing violates of 940 C.M.R. § 7.07(8).

    c. Defendants' collection of Eviction Legal Fees from tenants when such fees are not permitted by law or authorized by an agreement creating the debt is a violation of 940 C.M.R. § 7.07(16).

    d. Defendants' collection of Eviction Legal Fees from tenants by representing them as legally due and owing is an unfair, deceptive, or unreasonable manner in violation of Mass. G. L. 93, § 49.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the Class respectfully ask this Court to award judgment against Defendants as follows:

1. Issue an order certifying the Class as defined above, appointing the Plaintiffs as Class representatives, and designating Milberg Coleman Bryson Phillips Grossman, PLLC and Maginnis Howard as Class Counsel;

2. Find that Defendants have committed the violations of law alleged herein;

3. Determine that Defendants have been unjustly enriched as a result of their wrongful conduct, and enter an appropriate order awarding restitution and monetary damages to the Class;

4. Enter an order granting all appropriate relief injunctive relief on behalf of the Class under applicable state laws;

5. Render an award of compensatory damages, the exact amount of which is to be determined at trial;

6. Render an award of punitive damages;

7. Enter judgment including interest, costs, reasonable attorneys' fees, costs, expenses; and

8. Grant all other such relief as the court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Dated January 26, 2024.                    Respectfully submitted,

                                           MILBERG COLEMAN BRYSON
                                           PHILLIPS GROSSMAN, PLLC

                                           s/ *Scott C. Harris*
                                           Scott C. Harris*
                                           Kathryn Anne B. Robinson**
                                           900 W. Morgan Street
                                           Raleigh, North Carolina 27603
                                           Tel:   919-600-5000
                                           Fax:   919-600-5035

sharris@milberg.com
krobinson@milberg.com


Randi A. Kassan
BBO No. 568656
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
(516) 741-5600
rkassan@milberg.com


MAGINNIS HOWARD
Edward H. Maginnis**
Karl S. Gwaltney**
7706 Six Forks Road, Suite 101
Raleigh, North Carolina 27615
Tel:   919-526-0450
Fax:   919-882-8763
emaginnis@maginnishoward.com
kgwaltney@maginnishoward.com

*admitted *pro hac vice*
**to be admitted *pro hac vice*

*Attorneys for Plaintiffs and Putative Class*