UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ———————————————— )<br>SHAUN CORDEIRO and )<br>KEVIN MATLACK, )<br>individually and on behalf )<br>of all others similarly situated, )<br>)<br>Plaintiffs, )<br>)<br>)<br>v. )<br>)<br>GREP ATLANTIC, LLC; and )<br>EDDY OWNER, L.L.C., )<br>)<br>Defendants. )<br>———————————————— ) | Civil Action No. 23-CV-12901-AK |

MEMORANDUM AND ORDER ON
GREP ATLANTIC, LLC AND EDDY OWNER L.L.C.'S MOTION TO DISMISS

**ANGEL KELLEY, D.J.**

Plaintiffs Shaun Cordeiro and Kevin Matlack filed this Amended Class Action Complaint against Defendants GREP Atlantic, LLC ("Greystar") and Eddy Owner, L.L.C. ("Eddy Owner") (collectively "Defendants"), alleging unlawful legal cost and attorney fee assessments in relation to eviction proceedings against tenants. [Dkt. 13]. Defendants have moved to dismiss all of the claims. [Dkt. 16]. For the following reasons, Defendants' Motion to Dismiss is **GRANTED IN PART**, with respect to Counts II and III, and **DENIED IN PART**, with respect to Counts I and IV.

**I.      BACKGROUND**

On September 12, 2022, Cordeiro and Matlack, executed a lease with GEGC 2 New Street, LLC ("GEGC"), a predecessor in interest of Eddy Owner, for an apartment at The Eddy, a Greystar-operated building in Boston, Massachusetts. The lease provided that if residents

defaulted, GEGC would be entitled to "reimbursement for any and all attorney's fees and/or litigation costs/expenses."  On January 17, 2023, Defendants initiated an eviction proceeding against Cordeiro and Matlack in Massachusetts' Housing Court for failure to pay rent.  While the eviction case was pending and prior to judgment, Plaintiffs were assessed "Eviction/Legal Recovery" fees on their apartment ledger for a total of $652.  Cordeiro disputed the assessments with the Defendants' counsel, to which counsel asserted Defendants' right, under the lease, to assess the attorney's fees and court costs associated with the eviction suit.

Plaintiffs brought this suit on November 29, 2023, and later filed an Amended Complaint on January 26, 2024.  [Dkts. 1, 13].  Defendants filed a Motion to Dismiss Plaintiffs' Amended Class Action Complaint on April 1, 2024.  [Dkt. 16].  By April 11, 2024, Defendants reimbursed the full disputed $652 balance.  [Dkt. 20, at 9 n.3].

## II.    LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is "plausible on its face" and actionable as a matter of law.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry.  García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013).  First, the court must perform a close reading of the complaint to distinguish factual allegations from conclusory legal statements.  See id.  Factual allegations must be accepted as true, while legal conclusions are not entitled to credit.  Id.  A court may not disregard properly pleaded factual allegations even if actual proof of those facts is improbable.  Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quotation marks omitted).  Second, the court must determine whether the factual allegations present a

"reasonable inference that the defendant is liable for the misconduct alleged." Haley v. City of Bos., 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted). Dismissal is appropriate when the complaint fails to allege a "plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 559).

## III. DISCUSSION

### A. Mootness

As an initial matter, Defendants assert the class action is moot because they refunded the eviction and recovery fees ($652.00) to Cordeiro and Matlack following the filing of this suit— this Court disagrees. Federal court jurisdiction is limited to "live cases and controversies." U.S. Const., art. III, § 2, cl. 1. "The doctrines of mootness, ripeness, and standing are the guardians of the 'case or controversy' requirement of Article III." Conservation Comm'n of Westport v. Beaulieu, No. 07-CV-11087-RGS, 2008 WL 4372761, at *2 (D. Mass. Sept. 18, 2008). A case is mooted "'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome,' or alternatively, when the 'party invoking federal court jurisdiction' no longer has 'a personal stake in the outcome of the controversy.'" Bos. & Me. Corp. v. Bhd. of Maint. of Way Emps., 94 F.3d 15, 20 (1st Cir. 1996) (quoting U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 396, 397 (1980)). "A claim is not moot unless it is 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur,'" Beaulieu, 2008 WL 4372761, at *3 (quoting United States v. Concentrated Phosphate Export Ass'n, 393 U.S. 199, 203 (1968), making it "impossible for the court to grant any effectual relief what[so]ever to the prevailing party." City of Erie v. Pap's A. M., 529 U.S. 277, 287 (2000) (internal quotation marks omitted) (quoting Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992)).

As stated above, Defendants argue that the action is moot because they have fully reimbursed the disputed sum of "attorney's fees and costs" to the two individual Plaintiffs. However, Defendants' reimbursement does not represent *full relief* to render the action moot. See Johansen v. Liberty Mut. Grp., Inc., No. 15-CV-12920-ADB, 2016 WL 7173753, at *7 (D. Mass. Dec. 8, 2016) (noting that "where 'the proper measure of damages remains in dispute, and [d]efendant has tendered less than the amount to which [p]laintiff claims entitlement, the tender does not satisfy [p]laintiff's claims.'") (quoting Bais Yaakov of Spring Valley v. ACT, Inc., 186 F. Supp. 3d 70, 77 (D. Mass. 2016)). In addition to the refunded monetary damages—the assessed attorney's fees and costs in dispute—Cordeiro and Matlack seek treble damages under Ch. 93A, injunctive relief, declaratory relief, attorney's fees and costs of the present action, and interest on damages tendered. The Court could very well provide effectual relief in one or more of these forms to the Plaintiffs at a later stage. Kaplan v. Fulton St. Brewery, LLC, No. 17-CV-10227-JGD, 2018 WL 2187369, at *4 (D. Mass. May 11, 2018) (finding that a case is moot only when a court cannot grant effectual relief).

More specifically, courts have found that the satisfaction of specific damages claims does not moot a request for declaratory judgment, particularly when the defendants fail to admit the illegality of the actions that resulted in the monetary damages. See Cooper v. Charter Communs. Entm'ts I, LLC, 760 F.3d 103, 107-08 (1st Cir. 2014) (declining to find a claim for declaratory judgment moot, despite the full satisfaction of the three putative class representatives' individual damages claims, because a dispute remained that was "live and proper for judicial consideration"); see also Knox v. Service Emps. Int'l Union, Local 1000, 567 U.S. 298, 307 (2012) (finding no mootness concerns where the defendant union had offered a full refund to plaintiffs because "the union continue[d] to defend the legality," providing no assurances that

"the union would necessarily refrain from [the alleged wrongful conduct] in the future"). Here, Defendants continue to defend the legality of their actions. Without commenting on the other requests for relief, a request for declaratory judgment is ripe for relief despite the refund of the assessed fees. Accordingly, the claims here are not moot and are ripe for resolution.

### B. Chapter 93A (Count I)

Chapter 93A, a consumer protection statute, offers relief from defendants who engage in "unfair or deceptive acts or practices in the conduct of any trade or commerce." Mass. Gen. Laws ch. 93A, § 2(a). To determine whether conduct is "unfair," courts have developed a list of non-exhaustive considerations, including whether the practice is "within at least the penumbra of some common-law, statutory, or other established concept of unfairness"; whether it "is immoral, unethical, oppressive or unscrupulous"; and whether it "causes substantial injury to consumers." Tomasella v. Nestle USA, Inc., 962 F.3d 60, 70 (1st Cir. 2020) (quoting Walsh v. TelTech Sys., Inc., 821 F.3d 155, 160 (1st Cir. 2016)). Most relevant to the instant case is if the Defendants' fee provision in the lease violates some common-law understanding of fairness.

At this stage in the proceedings, accepting all facts as true, it is plausible that assessing legal fees prior to a court judgment falls "within at least the penumbra" of a common law "concept of unfairness." In Commonwealth v. Chatham Development Co., Inc., a Massachusetts appellate court found unfair a lease provision requiring tenants to pay for constable fees prior to a judgment. See generally 49 Mass. App. Ct. 525 (2000). The court opined that "[t]o say that costs may be assessed by agreement and awarded before the close of proceedings is more than a stretch. It is the function of the court, not the litigants, to make that determination on the basis of statutory authority." Chatham Dev. Co., 49 Mass. App. Ct. at 527. Defendants argue Chatham is inapposite to the current case because the assessment of the constable fees necessarily

occurred before an eviction action was even certain.  Id. at 528.  Although true, the

Massachusetts Court of Appeals still recognized the imposition of such fees as an unfair practice.

This supports a finding that the assessment of legal costs prior to a judgment falls "within at least

the penumbra" of a common law "concept of unfairness."

Defendants also argue that M. G. L. c. 186 § 11 justifies their actions.  Section 11 states

that "fourteen days' notice to quit . . . shall be sufficient to determine the lease, unless the

tenant . . . pays or tenders to the landlord or to his attorney all rent then due, with interest and

*costs of suit.*"  M. G. L. c. 186 § 11 (emphasis added).  In other words, tenants in default for non-

payment of rent have the absolute right under Section 11 to cure their lease by satisfying all back

rent, including interest and costs of suit, until the answer in the eviction suit is due. With this in

mind, Cordeiro and Matlack's argument that "only a court can award attorneys' fees even if a

contract allows attorneys' fees to be awarded" is highly suspect, as Section 11 seemingly

contemplates the award of "costs of suit" necessarily before any type of court order.

Nonetheless, Section 11 does not—at least categorically—govern the issue here because the

eviction suit against the individual Plaintiffs was not settled within the statutory cure period.  In

fact, the eviction proceeding against the individual Plaintiffs was in the Housing Court for more

than four months before it was voluntarily dismissed.  The statute fails to contemplate attorney's

fees, let alone those accumulated over months, leaving a plausible argument that the lease

provision is unfair, as contemplated by Ch. 93A.

Accordingly, Defendants' Motion to Dismiss Count I is **DENIED**.

## C.  Unjust Enrichment (Count II)

Defendants also seek dismissal of Count II, Plaintiffs' claim for unjust enrichment.

Under Massachusetts law, a plaintiff must allege: (1) a benefit conferred upon the defendant by

the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and, (3)

acceptance or retention by the defendant of the benefit under the circumstances would be

inequitable without payment for its value.  Tomasella, 962 F.3d at 82 (internal quotation marks

omitted).  Before turning to the elements of the offense, however, the court must consider

whether the Plaintiffs have an "adequate remedy at law" available to them, thereby precluding a

claim for unjust enrichment.  Shaulis v. Nordstrom, Inc., 865 F.3d 1, 16 (1st Cir. 2017).

Importantly, "[i]t is the *availability* of a remedy at law, not the viability of that remedy, that

prohibits a claim for unjust enrichment."  Id. (emphasis added) (finding that the availability of

Ch. 93A as well as common law claims for fraud and breach of contract precluded plaintiff's

unjust enrichment claim, irrespective of the viability of those claims); see also Tomasella 962

F.3d at 84 (reaffirming the availability versus viability rule).  Here, the availability of Ch. 93A

remedy precludes Plaintiffs' unjust enrichment claim.

 Accordingly, Defendants' Motion to Dismiss Count II is **GRANTED**.

 **D.  Negligent Misrepresentation (Count III)**

 To prove negligent misrepresentation, a plaintiff must show that the defendant (1) in the

course of its business, (2) supplied false information for the guidance of others (3) in their

business transactions, (4) causing and resulting in pecuniary loss to those others (5) by their

justifiable reliance on the information, and (6) with failure to exercise reasonable care or

competence in obtaining or communicating the information.  First Marblehead Corp. v. House,

473 F.3d 1, 9 (1st Cir. 2006) (quoting Nota Constr. Corp. v. Keyes Assocs., 45 Mass. App. Ct.

15, 19-20 (1998)) (alterations omitted).

 Plaintiffs argue that "Defendants made representations via its tenant ledgers of Plaintiffs

and Class members that were false, including that Eviction Legal Fees were lawfully due and

owing." [Dkt. 13, at ¶ 88]. According to Plaintiffs, "Massachusetts law does not authorize landlords to unilaterally assess unawarded attorneys' fees even with authorization in a lease," rendering Defendants' representation false. [Dkt. 20, at 23]. In short, Plaintiffs' argument presumes their own interpretation of law to be the correct and prevailing one. Conversely, Defendants assert their own legal interpretation as basis for the assessments—something they were forthcoming about in their communications with Plaintiffs. Without commenting on the other elements of negligent misrepresentation, because the legality of the issue remains unsettled, there is no version of events in which it would be appropriate to characterize Defendants' representations regarding the assessment of fees as "false information."

Accordingly, Defendants' Motion to Dismiss Count III is **GRANTED**.

### E. Declaratory Judgement (Count IV)

The Declaratory Judgment Act, 28 U.S.C. § 2201, permits a district court to grant declaratory relief in cases of actual controversy under Article III. 28 U.S.C. § 2201(a) (stating that district courts "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought"). "To determine if the declaratory relief is sought within a case of actual controversy, district courts must examine whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Pena Real Est. Invs., LLC v. One Hardt, LLC, No. 22-CV-11544-IT, 2023 BL 203311, at *13 (D. Mass. June 14, 2023) (quoting In re Fin. Oversight & Mgmt. Bd. for P.R., 919 F.3d 638, 645 (1st Cir. 2019)) (internal quotation marks omitted); see also Md. Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941). "[F]ederal courts retain substantial discretion in deciding whether to grant declaratory relief,"

regardless of the other substantive claims.  See Ernst & Young v. Depositors Econ. Prot. Corp., 45 F.3d 530, 534 (1st Cir. 1995)).

First, Defendants argue that Plaintiffs' Ch. 93A and unjust enrichment claims fail, providing no judiciable controversy upon which a declaratory judgment could rely.  This argument is unconvincing because the Court finds that Plaintiffs may proceed with their Ch. 93A claim.  Second, Defendants argue that Plaintiffs' declaratory relief claims are duplicative of Counts I, II, and III.  Here, the central question is if Defendants had the right to impose attorney's fees and costs absent a court order.  Irrespective of the alternative substantive claims, declaratory relief could serve to clarify the legal relations between Defendants and tenants with respect to fee assessments, "declar[ing] rights so that parties can conform their conduct to avoid future litigation" and providing "practical assistance in setting the underlying controversy to rest." Aldrich v. Young, No. 13-CV-10466-DPW, 2013 WL 3802436, at *9 (D. Mass. July 18, 2013), aff'd, No. 13-1966, 2015 WL 13926793 (1st Cir. Dec. 22, 2015); State of R.I. v. Narragansett Indian Tribe, 19 F.3d 685, 693 (1st Cir. 1994).

Accordingly, Defendants' Motion to Dismiss as to Count IV is **DENIED**.

IV.    **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED IN PART**, with respect to Counts II and III, and **DENIED IN PART**, with respect to Counts I and IV.

**SO ORDERED.**

Dated: March 21, 2025                                      /s/ Angel Kelley
                                                          Hon. Angel Kelley
                                                          United States District Judge