## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAUN CORDEIRO and<br>KEVIN MATLACK,<br>individually and on behalf<br>of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GREP ATLANTIC, LLC and<br>EDDY OWNER, L.L.C.,<br><br>Defendants. | Civil Action No. 23-CV-12901-AK |

## MEMORANDUM AND ORDER ON COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS COUNTERCLAIM AND MOTION TO STRIKE FIRST, FIFTH, EIGHTH, FIFTEENTH, AND EIGHTEENTH AFFIRMATIVE DEFENSES

**ANGEL KELLEY, D.J.**

GREP Atlantic, LLC and Eddy Owner, L.L.C. (collectively "Counterclaim Plaintiffs") raise a single counterclaim against their former tenants, Shaun Cordeiro ("Cordeiro") and Kevin Matlack ("Matlack") (collectively "Counterclaim Defendants"). The counterclaim alleges that the Counterclaim Defendant tenants breached their lease by failing to pay an outstanding balance at the end of the lease term. [Dkt. 31 at 26, ¶ 22]. Counterclaim Plaintiffs also assert twenty-five affirmative defenses against the Plaintiff/Counterclaim Defendants' original claim. [Dkt. 31]. Counterclaim Defendants move to dismiss the counterclaim and to strike the first, fifth, eighth, fifteenth, and eighteenth affirmative defenses.[1] [Dkt. 38]. For the following reasons,

---

[1] Counterclaim Defendants voluntarily withdrew their Motion to Strike the Fifth Affirmative Defense. [Dkt. 46].

Counterclaim Defendants' Motion to Dismiss the Counterclaim is **DENIED**, and their Motion to Strike the First, Eighth, Fifteenth, and Eighteenth Affirmative Defenses is **DENIED**.

## I.    BACKGROUND

Plaintiffs/Counterclaim Defendants Cordeiro and Matlack brought an initial class action Complaint against Defendants/Counterclaim Plaintiffs in November 2023, alleging a violation of Mass. G.L. ch. 93A ("Chapter 93A") based on unlawful legal cost and attorney fee assessments during eviction proceedings.  The factual background of Cordeiro and Matlack's claim can be found in this Court's Order on the Defendants/Counterclaim Plaintiffs' Motion to Dismiss, which was granted in part and denied in part.  [Dkt. 29].

After the Court resolved the Motion to Dismiss, Defendants/Counterclaim Plaintiffs answered the Complaint and asserted their own counterclaim and affirmative defenses.  [Dkt. 31].  According to the Counterclaim Plaintiffs, the lease between the parties terminated on March 12, 2024.  [Id. at 26, ¶ 14].  At the time of the termination, Cordeiro and Matlack owed more than $8,000 in unpaid rent and fees, and upon application of their security deposit to the outstanding amount, they still owed $5,142.65.  [Id. at 26, ¶¶ 15-16].  Counterclaim Plaintiffs contend that Cordeiro and Matlack materially breached the lease by failing to pay the outstanding balance. [Id. at 26, ¶ 22].  Counterclaim Plaintiffs also raised twenty-five affirmative defenses.  [Id. at 20-23].

On April 25, 2025, Plaintiffs/Counterclaim Defendants filed a Motion to Dismiss the Counterclaim for Lack of Jurisdiction and a Motion to Strike the First (failure to state a claim upon which relief could be granted), Fifth (good faith), Eighth (lack of right, standing, or competency to sue), Fifteenth (lack of capacity to sue), and Eighteenth (exempt under Chapter 93A because such conduct is expressly permitted by law) Affirmative Defenses.  [Dkt. 38].

Counterclaim Defendants voluntarily withdrew their Motion to Strike the Fifth Affirmative Defense, conceding that such a defense could apply in an evaluation of whether the lease provision is unfair under Chapter 93A.  [Dkt. 46].

## II.    LEGAL STANDARD

### A.    12(b)(1) Motion to Dismiss

Federal courts are of limited jurisdiction, and on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the court must ensure it has the constitutional and statutory authority to adjudicate.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The party asserting federal jurisdiction is responsible for establishing that such jurisdiction exists, see id. at 377; Spielman v. Genzyme Corp., 251 F.3d 1, 4 (1st Cir. 2001), and the court "must resolve questions pertaining to its subject-matter jurisdiction before it may address the merits of a case."  Donahue v. City of Boston, 304 F.3d 110, 117 (1st Cir. 2002). Review for dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is "similar to that accorded a dismissal for failure to state a claim pursuant to" Rule 12(b)(6).  Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).  That is, "[w]hen a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor."  Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010).  "The party invoking the jurisdiction of a federal court carries the burden of proving its existence," and "a plaintiff cannot rest a jurisdictional basis merely on unsupported conclusions or interpretations of law."  Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007) (citation modified).  The court's subject matter jurisdiction "must be apparent from the face of the plaintiff's pleading."  Id. (citation omitted).

**B.      Motion to Strike Affirmative Defenses**

Pursuant to Federal Rule of Civil Procedure 12(f), a court may strike "insufficient defense[s] or any redundant, immaterial, impertinent, or scandalous matter" from a pleading. Courts generally disfavor motions to strike affirmative defenses and will only do so if the moving party establishes that it is "beyond cavil that the [other party] could not prevail" on the defenses raised.  Honeywell Consumer Prods., Inc. v. Windmere Corp., 993 F. Supp. 22, 24 (D. Mass. 1998) (citation modified).  Thus, the party moving to strike may only prevail "if it clearly appears that [the movant] would succeed despite any state of facts which could be proved in support of [the] defense."  Fed. Deposit Ins. Corp. v. Gladstone, 44 F. Supp. 2d 81, 85 (D. Mass. 1999).  Courts also consider whether the insufficiency of the defense is clearly apparent or if the defense raises factual issues that should be determined on a hearing on the merits.  U.S. Sec. & Exch. Comm'n v. Nothern, 400 F. Supp. 2d 362, 364 (D. Mass. 2005).  It is rare for courts to grant motions to strike defenses without "a showing of prejudice to the moving party."  Zurich Am. Ins. Co. v. Watts Regul. Co., 796 F. Supp. 2d 240, 246 (D. Mass. 2011) (citation omitted).

**III.      DISCUSSION**

**A.      Motion to Dismiss the Counterclaim for Lack of Jurisdiction**

Cordeiro and Matlack argue that this Court has no supplemental jurisdiction over the breach of contract counterclaim.  [Dkt. 39 at 3-6].  They contend that the breach of contract counterclaim is a state law claim with no common nucleus of operative fact with the Chapter 93A claim, and that different facts and evidence are required to prove the two claims.  [Id.]. Under 28 U.S.C. § 1367(a), district courts have supplemental jurisdiction over any claims "so related to claims [the court has original jurisdiction over] that they form part of the same case or

controversy."  Courts may decline to exercise supplemental jurisdiction over certain claims,

referred to as permissive counterclaims.  See 28 U.S.C. § 1367(c).  Although such permissive

counterclaims previously required an "independent basis for jurisdiction," following the

enactment of 28 U.S.C. § 1367, the First Circuit altered the former rule and no longer requires

different bases for jurisdiction between compulsory and permissive counterclaims.  See Glob.

NAPS, Inc. v. Verizon New England Inc., 603 F.3d 71, 76 (1st Cir. 2010).  Instead, for both

categories, courts look to whether the claims in question share "a common nucleus of operative

fact," and if a party would "ordinarily be expected to try them all in one judicial proceeding."

Envisn, Inc. v. Davis, No. 11-CV-12246-FDS, 2012 WL 1672887, at *2-3 (D. Mass. May 11,

2012) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966)).

      Counterclaim Defendants are correct that under Massachusetts law, the elements for a

Chapter 93A violation and breach of contract are different.  Compare Gottlieb v. Amica Mut.

Ins. Co., 57 F.4th 1, 9 (1st Cir. 2022) (determining whether conduct is unfair by evaluating if (1)

conduct is "within at least the penumbra of some common-law, statutory, or other established

concept of unfairness," (2) if conduct is "immoral, unethical, oppressive, or unscrupulous," and

(3) if it "causes substantial injury to consumers"), with Brooks v. AIG SunAmerica Life Assur.

Co., 480 F.3d 579, 586 (1st Cir. 2007) (stating that the elements of a breach of contract claim

include proof that (1) "a valid, binding contract exist[s]," (2) "defendant breached the terms of

the contract," and (3) "plaintiffs sustained damages" because of the breach).  Here, however, the

evidence, discovery, and testimony necessary to prove the two claims are sufficiently

overlapping that they constitute a common nucleus of operative fact.  See Pueblo Int'l, Inc. v. De

Cardona, 725 F.2d 823, 826 (1st Cir. 1984) (finding a common nucleus of operative fact when

the facts necessary to prove one claim are "practically the same" as those needed to prove the

5

other claim); Glob. NAPS, Inc., 603 F.3d at 88 (finding a counterclaim and underlying litigation to be sufficiently related when they involve the same agreement and basic factual question regarding owed fees between parties); Schaefer v. Yongjie Fu, 322 F. Supp. 3d 207, 210 (D. Mass. 2018) (finding no overlapping testimony or discovery when some claims involve an alleged assault while others relate to accommodation requests after the assault).  To resolve both the Chapter 93A claim and the breach of contract counterclaim, the parties will necessarily need to produce the lease involved in the dispute, rent ledgers of Cordeiro and Matlack that include alleged nonpayment of rent and any assessment of Legal/Eviction Recovery fees, invoices or proof of any attorneys' fees expensed by Counterclaim Plaintiffs to collect any alleged outstanding rent, documentation of events that led to the assessment of legal fees, and communication between the parties.  Further, whether the attorneys' fees clause is lawful, central to Counterclaim Defendants' original claim, would ultimately influence the calculation of any damages potentially awarded in resolving the counterclaim.  Thus, the lease involving the parties, which underlies both the Chapter 93A claim and the breach of contract counterclaim, coupled with the necessary evidence and testimony to prove both claims, are sufficient to show that the counterclaim is so related to the original claim that they consist of the same case or controversy.  See Prolite Bldg. Supply, LLC v. MW Mfrs., Inc., 891 F.3d 256, 258 (7th Cir. 2018) (holding that having "the same parties, contracts, and course of action as the [original] claim" is sufficient to confer supplemental jurisdiction).

Moreover, Counterclaim Defendants' argument that Federal Rule of Civil Procedure 13(b) bars Counterclaim Plaintiffs' counterclaim is inapt.  The First Circuit no longer distinguishes between compulsory and permissive counterclaims when evaluating whether to confer supplemental jurisdiction; rather, the accurate inquiry is whether the claims arose from a

common nucleus of operative fact.  Glob. NAPs, Inc., 603 F.3d at 87-88 ("[Section] 1367 supersedes case law on supplemental jurisdiction that had distinguished between compulsory and permissive counterclaims.").  It is not necessary for this Court to decide whether the counterclaim is compulsory or permissive in nature, because as discussed, this Court already finds that Counterclaim Plaintiffs' counterclaim shares a common nucleus of operative fact with the original Complaint, which is sufficient to confer supplemental jurisdiction.

Counterclaim Defendants' additional argument that 26 U.S.C. § 1367(c) counsels dismissal of the counterclaim because it would substantially predominate over the Chapter 93A claim is similarly unpersuasive.  [Dkt. 46 at 7].  A single breach of contract claim where the underlying facts and dispute arise under the same lease would not eclipse Plaintiffs/Counterclaim Defendants' Chapter 93A claim.  See Huerth v. Anthem Ins. Cos. Inc., 257 F. Supp. 3d 131, 144-45 (D. Mass. 2017) (finding six state claims to "substantially predominate[]" over a single federal claim and declining to extend supplemental jurisdiction); Allstate Interiors & Exteriors, Inc. v. Stonestreet Constr., LLC, 730 F.3d 67, 73-74 (1st Cir. 2013) (holding non-diverse claims did not "substantially predominate" over claims that the court has jurisdiction over because the claims depended on the same body of evidence and sought a similar legal remedy).

Finally, the exercise of supplemental jurisdiction is to ensure "judicial economy, convenience, and fairness to litigants."  See Gibbs, 383 U.S. at 726.  Given that the present action has been ongoing for two years, severance of the breach of contract counterclaim and a remand to state court would not facilitate the aforementioned purposes.  Instead, it would result in unnecessary prolongment of litigation, further delay judgment for the parties, and create opportunities for inconsistent application of law.

Accordingly, Counterclaim Defendants' Motion to Dismiss is **DENIED**.

7

**B.     Motion to Strike the First, Eighth, Fifteenth, and Eighteenth Affirmative Defenses**

Plaintiffs/Counterclaim Defendants argue that the first (failure to state a claim upon which relief could be granted), eighth (lack of right, standing, or competency to sue), fifteenth (lack of capacity to sue), and eighteenth (exempt under Chapter 93A because such conduct is expressly permitted by law) affirmative defenses should be stricken.  Plaintiffs/Counterclaim Defendants have not established "beyond cavil" that Defendants/Counterclaim Plaintiffs could not prevail on the defenses raised.  See Honeywell Consumer Prods., Inc., 993 F. Supp. at 24. While some of the affirmative defenses may be redundant or mischaracterized, the insufficiency of the defenses is not clearly apparent to justify being stricken, see Nothern, 400 F. Supp. 2d at 364, particularly because Plaintiffs/Counterclaim Defendants have failed to show how they are prejudiced if these affirmative defenses survive.  See Zurich Am. Ins. Co., 796 F. Supp. 2d at 246.

Accordingly, Counterclaim Defendants' Motion to Strike the First, Eighth, Fifteenth, and Eighteenth Affirmative Defenses is **DENIED**.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiffs/Counterclaim Defendants' Motion to Dismiss the Counterclaim [Dkt. 38] is **DENIED**, and their Motion to Strike the First, Eighth, Fifteenth, and Eighteenth Affirmative Defenses [id.] is **DENIED**.  The Motion to Strike the Fifth Affirmative Defense was voluntarily withdrawn.  [Dkt. 46].

**SO ORDERED.**

Dated: December 9, 2025                              /s/ Angel Kelley
                                                             Hon. Angel Kelley
                                                             United States District Judge