# Exhibit F

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

|  |  |
|---|---|
| SHAUN CORDEIRO and KEVIN MATLOCK, *individually and on behalf of all others similarly situated*,<br><br>     Plaintiffs,<br><br>v.<br><br>GREP ATLANTIC, LLC and EDDY OWNER, L.L.C.<br><br>     Defendants. | CASE NO.: 1:23-CV-12901-AK |

**GREP ATLANTIC, LLC'S RESPONSES TO PLAINTIFFS' 1ST SET OF**
**INTERROGATORIES TO DEFENDANT GREP ATLANTIC, LLC**

Pursuant to Federal Rule of Civil Procedure 33, Defendant, GREP Atlantic, LLC ("GREP") submits the following responses and objections to Plaintiffs' ("Plaintiffs") First Set of Interrogatories ("Interrogatories"). Subject to the stated General Objections, which are incorporated into each of the following specific responses, as well as to the stated specific objections, GREP responds as follows:

**PRELIMINARY STATEMENTS**

By responding to these Interrogatories, GREP does not waive or intend to waive: (a) any objections as to the competency, relevancy, materiality, privilege, status, or admissibility as evidence, for any purpose, of any documents or information produced in response to these Interrogatories; (b) the right to object on any ground to the use of the documents or information produced in response to these Interrogatories at any deposition, hearing, trial, or other

**EXHIBIT**

Exhibit 10

proceeding, or to their use in any pleading or submission; or (c) the right to object on any ground at any time to a demand for further response to these Interrogatories.

By responding that it will produce documents responsive to a particular Interrogatory, GREP does not assert that it has responsive documents or that such documents exist, only that it will conduct a reasonable search and produce relevant, responsive, non-privileged documents. No objection made herein, or lack thereof, is an admission by GREP as to the existence or non-existence of any documents

The objections and responses made herein are based on GREP's investigation to date of those sources within its possession, custody, and control where it reasonably believes responsive documents or information may exist. GREP's investigation is ongoing, and GREP reserves the right to amend or supplement these objections and responses in accordance with the applicable rules and court orders and based on results of its continuing investigation.

The information supplied herein is for use in this litigation and for no other purpose.

## GENERAL OBJECTIONS

The following General Objections are incorporated into the specific responses and objections to each and every Interrogatory.

1.    GREP objects to each Interrogatory to the extent it seeks to impose on GREP obligations and duties beyond those authorized by the Federal Rules of Civil Procedure, and other applicable rules and decisions.

2.    GREP objects to each Interrogatory to the extent it seeks documents that are not relevant to any party's claim or defense and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

3.      GREP objects to each Interrogatory to the extent it seeks information not known or reasonably available to GREP, or outside of GREP'S possession, custody, or control, or can be more readily obtained through other sources.

4.      GREP objects to each Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege, exemption, immunity, or protection.  Any such privileged or otherwise protected information will not be provided.  Any inadvertent disclosure of privileged information or of any other information otherwise protected from disclosure shall not constitute a waiver of any claim of privilege or exemption from disclosure.

5.      GREP objects to each Interrogatory to the extent it is unduly burdensome, overly broad, vague, or ambiguous.

6.      GREP objects to each Interrogatory to the extent it seeks confidential, proprietary business information or trade secrets.

7.      GREP objects to each Interrogatory to the extent it pertains to a legal conclusion that will be reached based on all available evidence.

8.      GREP objects to Plaintiffs' Instructions to the extent that they purport to require GREP to log privileged communications from after this case was filed as unduly burdensome and inconsistent with the requirements of the Federal Rules of Civil Procedure.

9.      GREP objects to each Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case as no Interrogatory contains any temporal limitation.

Unless otherwise indicated, GREP will produce documents and communications up to the date of the filing of the Complaint, November 29, 2023.

10. GREP objects to the definition of the terms "related to," "relating to," "concerning," and "pertaining to" as overly broad, unduly burdensome, vague, and/or ambiguous. GREP objects to the extent "Putative Class Member" is not ascertainable.

11. GREP objects to the definition of "Defendant" and the remaining portions of Instruction 17 as vague, ambiguous, overly broad, and not proportional to the needs of the case to the extent that it includes "all" holdings of GREP Atlantic, LLC, "all" agents, representatives, owners, employees, attorneys, subsidiary entities or other persons, and "any" previous legal entities. In responding to each Interrogatory, GREP interprets the terms "Defendant," "GREP," "You," and "Your" to refer only to the named Defendant GREP Atlantic, LLC.

12. GREP objects to the definition of the terms "document" and "documents" as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, including to the extent that they call for documents and/or information beyond what is required by the Federal Rules of Civil Procedure, the Local Rules of this Court, the Protective Order and other orders entered by the Court in this Action, and any other applicable rules, orders, or agreements (the "Discovery Protocols").

13. GREP objects to Plaintiffs' definition of "identify," when referring to a person, to the extent it purports to require disclosure of personal contact information that is neither relevant to the claims or defenses in this action nor proportional to the needs of the case.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** State the full name, address, current job title and relationship to the parties herein of each person who is answering these Interrogatories, assisting the answering of these Interrogatories, or who has been consulted for purposes of answering these Interrogatories, including all persons with whom you communicated for the purpose of

-4-

obtaining information responsive to these Interrogatories. **[An answer merely identifying your corporate entity or "representative" will be deemed non-responsive. The actual persons participating in answering these Interrogatories or consulted for that purpose should be identified.]**

**ANSWER:    GREP objects to this Interrogatory to the extent it requests information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections, GREP is a corporation that necessarily acts through its agents and employees. The answers contained herein were prepared by representatives of GREP Atlantic, LLC, with the assistance of counsel, and are properly verified as required by Rule 33.**

**INTERROGATORY NO. 2:**        Identify all residential rental properties owned or managed by you in Massachusetts during the Relevant Time Period, and for each such property identify the following:

a.  The number of residential units in each such property;
b.  The property management system, software, or licenses utilized by each such property; and
c.  The eviction system, software, or licenses utilized by each such property.

**ANSWER:    GREP objects to this Interrogatory as it is not relevant to the claims or defenses in this lawsuit and is not proportional to the needs of the case, particularly at this pre-certification stage. GREP also objects to this Interrogatory to the extent it seeks information not known or reasonably available to GREP, or outside of GREP'S possession, custody, or control, or can be more readily obtained through other sources. GREP further objects to this Interrogatory to the extent it is improperly compound and contains multiple subparts. Subject to these objections, GREP refers the Plaintiffs to the spreadsheet attached as Exhibit A.**

**INTERROGATORY NO. 3:**        State whether you intend to call any expert witness to testify in this action. If so, please state the following as to each such expert and each expert whom you do not expect to call but whose work-product forms the basis, in whole or in part, of the opinions of an expert who will be called as a witness:

a.  the expert witnesses full names, addresses, and phone numbers;
b.  the subject matter on which the expert witness is expected to testify;
c.  the substance of the opinions held by the expert and the facts known to the expert which relate to or form the basis of his or her mental impressions and opinions; and
d.  the identity and location of all documents or tangible things prepared or received by or prepared for the expert in anticipation of his or her testimony.

**ANSWER:    GREP objects to this Interrogatory as premature, as discovery is ongoing and incomplete. GREP further objects to this Interrogatory to the extent it is improperly compound and contains multiple subparts. GREP also objects to this Interrogatory to the extent that it calls for a legal conclusion or purports to require GREP**

to identify legal authorities, legal conclusions, or perform or provide legal analysis.  GREP further objects to this Interrogatory to the extent it seeks information, or conclusions protected by the work product doctrine or subject to attorney-client privilege. Subject to these objections, GREP refers Plaintiffs to its response to Requests for Production 39 and 40. GREP further states that it will serve expert reports in accordance with the Federal Rules of Civil Procedure and the Scheduling Order entered in this case and refers Plaintiffs to those reports, which may contain information responsive to this Interrogatory.

**INTERROGATORY NO. 4:**        Identify all policies, procedures, and internal guidelines (written or unwritten) regarding the assessment or posting of any legal fees, court costs, or eviction-related charges to Massachusetts tenants' ledgers prior to a court judgment or order.

**ANSWER:    GREP objects to this Interrogatory as it is not relevant to the claims or defenses in this lawsuit and is not proportional to the needs of the case, particularly at this pre-certification stage. GREP further objects to this Interrogatory to the extent it seeks information, or conclusions protected by the work product doctrine or subject to attorney-client privilege. GREP also objects to this Interrogatory to the extent it seeks information not known or reasonably available to GREP, or outside of GREP'S possession, custody, or control, or can be more readily obtained through other sources. GREP further objects to this Interrogatory as it is overly broad, vague, and ambiguous in that it is not limited to GREP and any Relevant Time Period. Subject to these objections, GREP refers Plaintiffs to the Lease Agreement created by the National Apartment Association in June 2021 for Massachusetts, as well as its responses to Requests for Productions 13-16, 30. Discovery and GREP's investigations are ongoing.  GREP reserves the right to supplement and/or amend as appropriate in the course of discovery and in compliance with the Discovery Protocols in this case.**

**INTERROGATORY NO. 5:**        Identify any standard scripts, notices, email templates, or training materials used by Defendant's employees, agents, or counsel to communicate with tenants about legal fees or eviction costs, including whether such communications state or imply that such charges are due and owing regardless of a court judgment.

**ANSWER:    GREP objects to this Interrogatory as it is not relevant to the claims or defenses in this lawsuit and is not proportional to the needs of the case, particularly at this pre-certification stage. GREP further objects to this Interrogatory to the extent it seeks information, or conclusions protected by the work product doctrine or subject to attorney-client privilege. GREP further objects to this Interrogatory to the extent it is improperly compound and contains multiple subparts. GREP also objects to this Interrogatory in that the term "imply" is vague, ambiguous, overly broad, and unintelligible. Moreover, GREP objects to this Interrogatory to the extent it seeks information not known or reasonably available to GREP, or outside of GREP'S possession, custody, or control, or can be more readily obtained through other sources. GREP further objects to this Interrogatory as it is overly broad, vague, and ambiguous in that it is not limited to GREP and lacks any**

**temporal or geographical limitation. Subject to these objections, GREP refers Plaintiffs to its response to Requests for Production 11, 24, 25, and 32.**

**INTERROGATORY NO. 6:**     For each residential rental property owned or managed by you in Massachusetts, identify each tenant who was assessed Eviction or Legal Recovery Fees during the Relevant Time Period. Please provide the name of each tenant and the address of the property the tenant was renting when the fees were assessed.

**ANSWER:    GREP objects to this Interrogatory as it is not relevant to the claims or defenses in this lawsuit and is not proportional to the needs of the case, particularly at this pre-certification stage.  GREP further objects to this Interrogatory to the extent it is improperly compound and contains multiple subparts. GREP also objects to this Interrogatory to the extent it seeks information not known or reasonably available to GREP, or outside of GREP'S possession, custody, or control, or can be more readily obtained through other sources. GREP further objects to this Interrogatory as overly broad and unduly burdensome.  Subject to these objections, GREP refers Plaintiffs to its response to Request for Production 29.**

**INTERROGATORY NO. 7:**     For each tenant identified in Interrogatory 5, identify: (a) the date of each Eviction or Legal Recovery Fee assessed; (b) the amount; (c) whether the fee was paid, reversed, or remains outstanding; and (d) if paid, the date of payment.

**ANSWER:    GREP objects to this Interrogatory as it is not relevant to the claims or defenses in this lawsuit and is not proportional to the needs of the case, particularly at this pre-certification stage. GREP further objects to this Interrogatory to the extent it is improperly compound and contains multiple subparts. GREP also objects to this Interrogatory to the extent it seeks information not known or reasonably available to GREP, or outside of GREP'S possession, custody, or control, or can be more readily obtained through other sources. GREP further objects to this Interrogatory as unintelligible since Interrogatory 5 does not pertain to the identity of tenants.**

**INTERROGATORY NO. 8:**     List the name of every law firm or legal entity retained by Defendant to file a lawsuit on Defendants behalf regarding claims of non-payment of rent by a tenant of one of the residential rental property owned or managed by you in Massachusetts including in your response the caption, case number and court of the lawsuit filed.

**ANSWER:    GREP objects to this Interrogatory as it is not relevant to the claims or defenses in this lawsuit and is not proportional to the needs of the case, particularly at this pre-certification stage.  GREP further objects to this Interrogatory to the extent it is improperly compound and contains multiple subparts. GREP also objects to the extent this Interrogatory seeks information that is in the public domain or is readily attainable from a source other than GREP in a manner that is more convenient, less burdensome, and less expensive.  GREP further objects to the extent this Interrogatory pertains to information already in Plaintiffs' possession as it relates to the eviction proceedings brought against them. Moreover, GREP objects to this Interrogatory to the extent it seeks information or**

conclusions protected by the work product doctrine or subject to attorney-client privilege. Answering the non-objectionable portion of this request, GREP states that it has retained Ashton Turner, LaGatta, P.C., AMPS Law, P.C., Turk & Milone, LLP, Krems, Jackowitz & Carman, LLP, and Scolnick, Laverty & Gouveia, LLP. GREP further refers Plaintiffs to its response to Request for Production 27.

**INTERROGATORY NO. 9:** List the caption, case number, and court of any lawsuit filed by Defendant's legal department, in which Defendant was a party for which there were claims of non-payment of rent for evictio (sic).

**ANSWER: GREP objects to this Interrogatory on the grounds that it is overbroad and disproportionate to the needs of the case, because it seeks information for an unreasonable time and scope, and seeks improper class discovery. GREP further objects that this Interrogatory improperly seeks information from separate, unrelated litigation involving, for example, different parties, different allegations, and different defenses which are not relevant to this matter and, therefore, not proportional to the needs of the case. GREP further objects to this Interrogatory in that it is overly broad, unduly burdensome, and disproportionate to the needs of the case as there is no temporal or geographical limitation. GREP also objects to this Interrogatory to the extent it is improperly compound and contains multiple subparts. GREP further objects to the extent this Interrogatory seeks information that is in the public domain or is readily attainable from a source other than GREP in a manner that is more convenient, less burdensome, and less expensive. Subject to and without waiving the above objections, GREP's legal department does not file lawsuits. GREP further refers Plaintiffs to its response to Request for Production 26.**

**INTERROGATORY NO. 10:** Identify all cases in which you petitioned a Massachusetts court for attorney's fees or legal costs in connection with a residential summary process action since 2019, including the court, case number, and outcome of each.

**ANSWER: GREP objects to the extent this Interrogatory seeks information that is in the public domain or is readily attainable from a source other than GREP in a manner that is more convenient, less burdensome, and less expensive. GREP also objects to this Interrogatory to the extent it is improperly compound and contains multiple subparts. Subject to and without waiving the above objections, GREP will conduct a reasonable search for the requested information and will supplement this response accordingly. GREP further refers Plaintiffs to its response to Request for Production 26.**

**INTERROGATORY NO. 11:** Identify whether any amounts posted to tenants' ledgers for legal fees or court costs that were not awarded by a court were ever reversed, written off, refunded, or marked as disputed, and describe the process for doing so.

**ANSWER: GREP objects to this Interrogatory as it is not relevant to the claims or defenses in this lawsuit and is not proportional to the needs of the case, particularly at this pre-certification stage. GREP further objects to this Interrogatory in that it is overly broad, unduly burdensome, and disproportionate to the needs of the case as there is no**

temporal or geographical limitation. GREP also objects to this Interrogatory to the extent it is improperly compound and contains multiple subparts. GREP further objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. GREP further objects to the extent this Interrogatory seeks information that is in the public domain or is readily attainable from a source other than GREP in a manner that is more convenient, less burdensome, and less expensive. Subject to and without waiving the above objections, GREP refers Plaintiffs to its response to Request for Production 29, 36 and 37. GREP reserves the right to supplement and/or amend as appropriate in the course of discovery and in compliance with the Discovery Protocols in this case.

**INTERROGATORY NO. 12:** Idenify (sic) the total amount collected from Massachusetts tenants during the Relevant Time Period for fees described in tenant ledgers as "Eviction or Legal Recovery Fees", "Eviction," "Legal Recovery," "Court Costs," or similar, broken down by year and by property. Identify whether these amounts were based on court-awarded judgments or administrative assessment and identify whether any portion of these collections were refunded or reversed, and if so, by whom and when.

**ANSWER:** GREP objects to this Interrogatory as it is not relevant to the claims or defenses in this lawsuit and is not proportional to the needs of the case, particularly at this pre-certification stage. GREP further objects that this Interrogatory is not limited to GREP. GREP also objects to this Interrogatory to the extent it is improperly compound and contains multiple subparts. GREP further objects to the extent this Interrogatory seeks information that is in the public domain. Moreover, GREP objects to this Interrogatory in that the terms "total amount collected" and "or similar" is vague, ambiguous, and subject to multiple interpretations. GREP also objects to this Interrogatory to the extent it seeks information not known or reasonably available to GREP, or outside of GREP'S possession, custody, or control, or can be more readily obtained through other sources. Subject to and without waiving the above objections, GREP refers Plaintiffs to its response to Requests for Production 29 and 36. GREP reserves the right to supplement and/or amend as appropriate in the course of discovery and in compliance with the Discovery Protocols in this case.

**INTERROGATORY NO. 13:** Describe all instances where you have ever been involved in any legal action, in which it was contended that you were wrongfully attempting to charge court costs and attorneys' fees. For purposes of this question it is *irrelevant* whether you were the Plaintiff or Defendant, whether the legal action was brought as a separate action or as a counterclaim, or what was the final outcome of the legal action.

**ANSWER:** GREP objects to this Interrogatory as it is not relevant to the claims or defenses in this lawsuit and is not proportional to the needs of the case, particularly at this pre-certification stage. GREP further objects to this Interrogatory in that it is overly broad, unduly burdensome, and disproportionate to the needs of the case as there is no temporal or geographical limitation. GREP also objects to this Interrogatory to the extent it is improperly compound and contains multiple subparts. GREP further objects to the

extent this Interrogatory seeks information that is in the public domain or is readily attainable from a source other than GREP in a manner that is more convenient, less burdensome, and less expensive.  Moreover, GREP objects to this Interrogatory in that the terms "all instances," "involved in any legal action," and "which is was contended" are vague, overly broad, ambiguous, and unduly burdensome. GREP further objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. GREP is aware of the following purported class action matters involving similar claims: *Flemming v. Greystar Management Services, L.P.*, No. 20-P-1274, at the Massachusetts Appeals Court (and previously Suffolk Superior Court), and *Wallace v. Greystar Real Estate Partners, LLC*, 1:18CV501, in United States District Court for the Middle District of North Carolina.

**INTERROGATORY NO. 14:**     Describe Defendant's relationship to Eddy Owner, L.L.C., including contractual obligations with respect to the management of any of your properties or tenancies in Massachusetts.

**ANSWER:**   GREP objects to this Interrogatory as it is not relevant to the claims or defenses in this lawsuit and is not proportional to the needs of the case, particularly at this pre-certification stage.  GREP further objects in that the request to "describe" "contractual obligations with respect to the management of any of your properties or tenancies in Massachusetts" is unclear, vague, ambiguous, and unintelligible. GREP further objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. GREP also objects to this Interrogatory to the extent it is improperly compound and contains multiple subparts. Answering the non-objectional portion of this request, GREP manages the property located at 10 New Street, Boston, MA for Eddy Owner, L.L.C. GREP further refers Plaintiffs to its response to Requests for Production 17 and 18.

**INTERROGATORY NO. 15:**     Identify whether any internal audit, legal department, or compliance personnel ever raised concerns about the legality or propriety of assessing legal fees or court costs prior to court judgment or dismissal of an eviction proceeding. If so, describe the nature of the concerns, the date, and the individuals involved.

**ANSWER:**   GREP objects to this Interrogatory in that it is overly broad, unduly burdensome, and disproportionate to the needs of the case as there is no temporal or geographical limitation. GREP further objects to this Interrogatory in that the terms "any" and "ever" are overbroad, not proportional to the needs of the case, ambiguous, and unduly burdensome. GREP also objects to this Interrogatory to the extent it is improperly compound and contains multiple subparts. Moreover, GREP objects to this Interrogatory to the extent it seeks information or conclusions protected by the work product doctrine or subject to attorney-client privilege. GREP further objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. Subject to and without waiving the above objections, GREP refers Plaintiffs to its response to Request for Production 33.

**INTERROGATORY NO. 16:**    Identify all facts you rely on to assert that Plaintiffs or any putative class member waived their rights, ratified Defendant's conduct, or are estopped from asserting their claims, and identify all persons with knowledge and all documents relating to these assertions.

**ANSWER:    GREP objects to this Interrogatory as it is not relevant to the claims or defenses in this lawsuit and is not proportional to the needs of the case, particularly at this pre-certification stage.  GREP further objects to this Interrogatory as it calls for a legal conclusion or expert opinion.  GREP further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or other applicable privileges or protections. GREP also objects to this Interrogatory to the extent it is improperly compound and contains multiple subparts. GREP further objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. GREP further objects to this Interrogatory as premature. Discovery and GREP's investigations are ongoing.  GREP reserves the right to supplement and/or amend as appropriate in the course of discovery and in compliance with the Discovery Protocols in this case. Subject to these objections, GREP refers Plaintiffs to the Lease Agreement created by the National Apartment Association in June 2021 for Massachusetts, and the response to Request for Production 31. GREP reserves the right to supplement and/or amend as appropriate in the course of discovery and in compliance with the Discovery Protocols in this case.**

**INTERROGATORY NO. 17:**    Please identify the specific lease provision(s) on which you relied in assessing eviction-related legal fees to Plaintiffs and any putative class members prior to the entry of a court order. State whether you contend such charges are expressly authorized by law under Mass. Gen. Laws ch. 93A, § 3, and identify each statute, regulation, or judicial decision you rely upon for that contention.

**ANSWER:    GREP objects to this Interrogatory as it is not relevant to the claims or defenses in this lawsuit and is not proportional to the needs of the case, particularly at this pre-certification stage.  GREP further objects to this Interrogatory as it calls for a legal conclusion or expert opinion.  GREP further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or other applicable privileges or protections. GREP also objects to this Interrogatory to the extent it is improperly compound and contains multiple subparts. GREP further objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information.**

**INTERROGATORY NO. 18:**    For each time you assessed eviction-related legal fees against a Massachusetts tenant and later received payment, state whether the tenant was informed in writing that such payment was voluntary, could be disputed, or was subject to court determination. Identify the form or communication used, if any.

**ANSWER:    GREP objects to this Interrogatory as it is not relevant to the claims or defenses in this lawsuit and is not proportional to the needs of the case, particularly at**

-11-

this pre-certification stage. GREP further objects to this Interrogatory to the extent it is improperly compound and contains multiple subparts. GREP also objects to this Interrogatory in that it is overly broad, unduly burdensome, and disproportionate to the needs of the case as there is no temporal limitation. GREP further objects to this Interrogatory in that the terms "received payment" and "payment" are vague, ambiguous, and subject to multiple interpretations. Subject to and without waiving the above objections, GREP refers Plaintiffs to its response to Requests for Production 24, 25, and 32. GREP reserves the right to supplement and/or amend as appropriate in the course of discovery and in compliance with the Discovery Protocols in this case.

**INTERROGATORY NO. 19:** Identify all facts supporting your assertion that Plaintiffs or any putative class members lack capacity, standing, or competency to assert the claims in this action.

**ANSWER: GREP objects to this Interrogatory as it is not relevant to the claims or defenses in this lawsuit and is not proportional to the needs of the case, particularly at this pre-certification stage. GREP further objects to this Interrogatory as it calls for a legal conclusion or expert opinion. GREP further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or other applicable privileges or protections. GREP also objects to this Interrogatory to the extent it is improperly compound and contains multiple subparts. GREP further objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. GREP further objects to this Interrogatory as premature. Discovery and GREP's investigations are ongoing. GREP reserves the right to supplement and/or amend as appropriate in the course of discovery and in compliance with the Discovery Protocols in this case.**

**INTERROGATORY NO. 20:** Identify any instances where you believe you made a tender or offered a refund or credit to Plaintiffs or putative class members that you contend satisfies or extinguishes their claims. Describe the terms, timing, and any communications related to each such offer.

**ANSWER: GREP objects to this Interrogatory as it is not relevant to the claims or defenses in this lawsuit and is not proportional to the needs of the case, particularly at this pre-certification stage. GREP also objects to this Interrogatory to the extent it is improperly compound and contains multiple subparts. GREP further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or other applicable privileges or protections. GREP further objects to this Interrogatory in that the term "any instances where you believe" is vague, ambiguous, overly broad, and calls for speculation. GREP further objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. Moreover, GREP objects to this Interrogatory in that it is overly broad, unduly burdensome, and disproportionate to the needs of the case as there is no temporal or geographical limitation. Subject to and without waiving the above objections, GREP refers Plaintiffs to its response to Request for Production 37. GREP reserves the right to**

**supplement and/or amend as appropriate in the course of discovery and in compliance with the Discovery Protocols in this case.**

**INTERROGATORY NO. 21:**        Identify all written communications (including notices, emails, or portal messages) sent to Plaintiffs or other tenants from 2020 to present regarding the legal basis for eviction-related legal fee charges, including whether such charges were mandatory or court-ordered.

**ANSWER:    GREP objects to this Interrogatory as it is not relevant to the claims or defenses in this lawsuit and is not proportional to the needs of the case, particularly at this pre-certification stage. GREP also objects to this Interrogatory to the extent it is improperly compound and contains multiple subparts. GREP further objects to this Interrogatory in that it is overly broad, unduly burdensome, and disproportionate to the needs of the case as there is no jurisdictional limitation. GREP also objects to this Interrogatory to the extent it seeks information not known or reasonably available to GREP, or outside of GREP'S possession, custody, or control, or can be more readily obtained through other sources. Subject to and without waiving the above objections, GREP refers Plaintiffs to its response to Requests for Production 24, 25, and 32. GREP reserves the right to supplement and/or amend as appropriate in the course of discovery and in compliance with the Discovery Protocols in this case.**

**INTERROGATORY NO. 22:**        Please describe the process you have utilized to retain, collect and retrieve documents and data relevant to this litigation and/or these Requests. "The process" as used in this interrogatory shall be defined as the physical and technology based acts taken to retain, collect and retrieve documents and data relevant to this litigation and/or identified in these Requests. "The process" as used in this interrogatory shall not include communication between attorneys and clients, or communication between Defendant's agents that repeats attorney communication. Please further state:

  a. The identity, title and department of persons or companies supervising, participating and executing the document and data collection and, to the extent same has occurred, the data review, sorting, coding, production or any other means of handling the documents or data outside of its mere retention, specifying whether such persons or companies are employees or agents of defendants or third parties. Please further state:

      i.   The type of data/documents each person or company had responsibility over, i.e. marketing, accounting, customer service, etc.
      ii.  If the person or company is no longer employed or an agent of Defendant, please indicate the identity of the current custodian for the former employee or agent's records, the medium and location in which the records have been retained and the last known contact information for the former employee or agent including address, phone number, email or other social media addresses.
      iii. If there have been any obstacles in the retention, collection or retrieval of documents and data as described herein such as lost data/documents and

-13-

data/documents unrecoverable for any reason. If your answer to this subpart is affirmative, please describe the date of the obstacle, describe what happened and what steps were taken to remediate the obstacle and if the obstacle was remediated.

**ANSWER:    GREP objects to this Interrogatory as it is not relevant to the claims or defenses in this lawsuit and is not proportional to the needs of the case, particularly at this pre-certification stage. GREP also objects to this Interrogatory to the extent it is improperly compound and contains multiple subparts. GREP further objects to this Interrogatory as invading the attorney-client privilege and/or work product doctrine. Moreover, GREP further objects to the request on the grounds that this request is impermissible meta-discovery or discovery on discovery. The information requested here is directed at Defendant's document collection, maintenance, and preservation efforts, and does not request any information that would be relevant to either party's claims for defenses, and, thus, exceeds the scope of permissible discovery.**

Dated: September 4, 2025                              Respectfully submitted,

**GREP ATLANTIC, LLC**

*/s/ Brandon L. Arber*
Brandon L. Arber (BBO #676425)
Mary K. Groves (BBO #716047)
SHOOK, HARDY & BACON L.L.P.
One Federal Street, Suite 2620
Boston, MA 02110
Telephone: (617) 531-1411
Facsimile: (617) 531-1602
barber@shb.com
mgroves@shb.com

Ara K. Ayvazian (*Pro Hac Vice*)
SHOOK, HARDY & BACON L.L.P.
100 N. Tampa St., Suite 2900
Tampa, FL 33602
Telephone: (813) 202-7100
Facsimile: (813) 221-8837
aayvazian@shb.com

-14-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT GREP ATLANTIC LLC'S RESPONSES TO PLAINTIFFS' 1ST SET OF INTERROGATORIES TO DEFENDANT GREP ATLANTIC, LLC** has been served upon all other parties at the addresses below via electronic mail on **September 4, 2025**.

**BRYSON, HARRIS, SUCIU, & DEMAY, PLLC**

Scott C. Harris
Mass. Bar No.: 714774
900 W. Morgan Street
Raleigh, NC 27603
Telephone: 919-600-5000
Facsimile: 919-600-5035
Email: sharris@milberg.com

*Attorney for Plaintiffs*

/s/ Brandon L. Arber
Brandon L. Arber

## VERIFICATION

I, Frederick Raya, state that the foregoing answers to interrogatories are true to the best of my knowledge, information, and belief and are based on the information available to GREP Atlantic, LLC.

*Frederick Raya*

By: _____

Printed name: Frederick Raya
Title:          Regional Property Manager, Real Estate
Date:          September 4, 2025

# EXHIBIT A

| Name | Operating Software | Residential Units |
|---|---|---|
| 1550 on the Charles | Yardi-Greystar | 210 |
| 212 Stuart | Entrata-Greystar | 126 |
| 500 Ocean Ave | OneSite-Greystar | 305 |
| Addison | OneSite-Greystar | 230 |
| Addison | Yardi - Redgate | 230 |
| Allee on The Charles | Yardi-Greystar | 205 |
| Alta Clara at the Fells | Yardi-Greystar | 261 |
| Alta Clara at the Fells | Yardi-Wood Partners | 261 |
| Alta French Hill | Yardi-Greystar | 276 |
| Alta on the Row | Yardi-Greystar | 370 |
| Alta on the Row | Yardi-Wood Partners | 370 |
| Alta Oxbow | Yardi-Wood Partners | 218 |
| Alterra at Overlook Ridge | OneSite-Greystar | 722 |
| Alterra at Overlook Ridge | Yardi-Greystar | 722 |
| Anthem Everett | Entrata-Greystar | 425 |
| Arlington 360 | Yardi-TA Realty | 165 |
| Arris | Yardi-Greystar | 205 |
| Atmark | Yardi-PRI | 427 |
| Avana Cliffside | Entrata-Greystar | 295 |
| Avana East Main | Entrata-Greystar | 188 |
| Avana Marlborough | Entrata-Greystar | 164 |
| Avana Weymouth | Entrata-Greystar | 418 |
| Avenu at Natick | Entrata-Greystar | 164 |
| Bancroft Lofts - Mill Master Tenant | OneSite-LaSalle | 160 |
| Bancroft Lofts-Vista | OneSite-LaSalle | 98 |
| Boston East | Yardi-Goldman Sachs | 200 |
| Boston East | Yardi-Greystar | 200 |
| Bower | OneSite-Greystar | 312 |
| Caldwell | OneSite-Greystar | 259 |
| Canvas | Yardi-Greystar 7s | 126 |
| Chase at Overlook Ridge | OneSite-Greystar | 664 |
| Colton Apartments | Yardi-Greystar | 45 |

| | | |
|---|---|---|
| Colton Apartments | OneSite-TruAmerica | 45 |
| Elan Union Market | Entrata-Greystar | 282 |
| Elan Union Market | OneSite-Greystar | 282 |
| Elevate | Yardi-Greystar | 529 |
| Everleigh Cape Cod | Entrata-Greystar | 225 |
| Everly | Entrata-Greystar | 186 |
| Fieldstone | Entrata-Greystar | 253 |
| Fieldstone-Artisan | Entrata-Greystar | 140 |
| Flats at 131 | Yardi-Greystar | 72 |
| Flats on D | OneSite-Greystar | 197 |
| Gibson Point | OneSite-Greystar | 291 |
| Halstead Framingham | Yardi-Greystar | 1,020 |
| Hanover Crossing | OneSite-Greystar | 297 |
| Harborwalk | OneSite-Greystar | 155 |
| Helix | OneSite-Greystar | 160 |
| Heritage at Bedford Springs | OneSite-Greystar | 164 |
| Hew at 1515 | Yardi-Greystar | 151 |
| Highlands at Hudson | OneSite-TruAmerica | 158 |
| Jade | Entrata-Greystar | 325 |
| James and Harrison Court | Yardi-Blackrock | 207 |
| Jefferson at Dedham Station - 95.M30001 | OneSite-Greystar | 300 |
| Kimball Towers | Yardi-Greystar | 256 |
| Lantera at Boston Landing | OneSite-Greystar | 295 |
| Link 480 | Yardi-Greystar | 90 |
| Loop 83 | Yardi-Greystar | 156 |
| Lore | Yardi-Greystar | 250 |
| Luka | Yardi-Greystar | 398 |
| Lux at Stoughton | Yardi-Greystar | 154 |
| Lux at Stoughton | OneSite-TruAmerica | 154 |
| Marq at the Pinehills | OneSite-Greystar | 220 |
| Marquee at Andover | Yardi-Greystar | 115 |
| Marquee at Andover | OneSite-TruAmerica | 115 |
| Mason | Entrata-Greystar | 330 |

| | | |
|---|---|---|
| Maxwell | Entrata-Greystar | 353 |
| Miscela | OneSite-Greystar | 500 |
| Montaje | OneSite-Greystar | 447 |
| Mosaic | OneSite-Greystar | 146 |
| Neponset Landing | OneSite-Greystar | 280 |
| Ocean 650 | Entrata-Greystar | 230 |
| One Beachmont | OneSite-Greystar | 195 |
| One North of Boston | OneSite-Greystar | 230 |
| One North of Boston II | OneSite-Greystar | 222 |
| Paddock Estates at Boxborough | OneSite-Greystar | 244 |
| Parc Westborough | Yardi-Greystar | 249 |
| Pembroke Woods | Entrata-Greystar | 240 |
| Proto | OneSite-Greystar | 280 |
| Prynne Hills | Yardi-Greystar | 472 |
| Radian | OneSite-Greystar | 240 |
| Radius | OneSite-Greystar | 132 |
| RE 150 | Yardi-Wood Partners | 282 |
| Re150 | Yardi-Greystar | 282 |
| Regency Place | Yardi-CBREI | 120 |
| Rosemont Square | OneSite-Greystar | 503 |
| Ryder | OneSite-Greystar | 200 |
| Sanctuary at Winchester North | OneSite-Greystar | 147 |
| Sanctuary at Winchester West | OneSite-Greystar | 96 |
| Serenity | OneSite-Greystar | 195 |
| Strata | OneSite-Greystar | 295 |
| Stone Gate | Entrata-Greystar | 332 |
| The 266 Framingham | Yardi-Nuveen | 270 |
| The 305, A Broadstone Community | OneSite-Greystar | 314 |
| The 6Hundred | OneSite-TruAmerica | 206 |
| The 6Hundred | Yardi-Greystar | 206 |
| The Alyx | Yardi-Greystar | 270 |
| The Amelia | Entrata-Greystar | 200 |
| The Amelia | OneSite-Greystar | 200 |

| | | |
|---|---|---:|
| The Andi | OneSite-Greystar | 475 |
| The Andi | Yardi-Greystar | 475 |
| The Avens at Dedham Station | OneSite-Greystar | 285 |
| The Bixby | OneSite-Greystar | 128 |
| The Block at Odell | Yardi-Greystar | 106 |
| The Brookliner | OneSite-Greystar | 108 |
| The Burrow | Yardi-Greystar | 235 |
| The Chase at Overlook Ridge | Yardi-Greystar | 664 |
| The Cove | Yardi-Alliance | 220 |
| The Cove | OneSite-Greystar | 220 |
| The Cove | Yardi-Goldman Sachs | 220 |
| The Eddy | OneSite-Greystar | 259 |
| The Eliot on Ocean | Yardi-Greystar | 194 |
| The Green at 9&90 | OneSite-Taurus Holdings | 1,020 |
| The Green at 9&90 | Yardi-Greystar | 1,020 |
| The Landing at Vinnin Square | Yardi-TA Realty | 184 |
| The Lodge | Yardi-Greystar | 216 |
| The Lofts at Atlantic Wharf | OneSite-Greystar | 86 |
| The Madison at Marshfield | Yardi-TA Realty | 247 |
| The Metlo | Yardi-Greystar | 414 |
| The Prescott at Concord | Yardi-Blackrock | 350 |
| The Prescott at Concord | OneSite-Greystar | 350 |
| The Preserve at Cohasset | Yardi-Greystar | 220 |
| The Preserve at Cohasset | OneSite-TruAmerica | 220 |
| The Retreat at Marlborough | Entrata-Greystar | 274 |
| The Robinson | Yardi-TA Realty | 230 |
| The Shipwright | Yardi-Greystar | 320 |
| The Smith | OneSite-Greystar | 300 |
| The Smith No. 99 | OneSite-Greystar | 304 |
| The Sudbury | Yardi-Greystar | 368 |
| The Washingtons | Entrata-Greystar | 182 |
| The Wright | OneSite-Greystar | 195 |
| The Val | OneSite-Greystar | 212 |

| | | |
|---|---|---:|
| The Val | Yardi-Alliance | 211 |
| UMass Dartmouth | Entrata-Greystar | 658 |
| Union House | OneSite-LaSalle | 23 |
| Urbane at Alewife | Yardi-Goldman Sachs | 294 |
| Velo | Yardi-Greystar | 250 |
| Verra | OneSite-Greystar | 343 |
| Villas at Old Concord | OneSite-TruAmerica | 324 |
| Watermark Central | OneSite-LaSalle | 285 |
| Watermark Seaport | OneSite-Greystar | 346 |
| West of Chestnut | OneSite-Greystar | 169 |
| West Village | Entrata-Greystar | 200 |
| Willow Trace | Yardi-Greystar | 88 |
| Woodview at Legacy Farms | Yardi-Greystar | 240 |
| Zinc | Yardi-Greystar | 392 |
| Zinc | Entrata-Greystar | 392 |